## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **ALGAECAL, INC.** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 1:13-cv-642** |
| | § | |
| **v.** | § | |
| | § | |
| **JAMES FINLAYSON, NEVISTAS SC,** | § | |
| **NEVISTAS HEALTH, THOMAS WAHL,** | § | |
| **INTERNET SOLUTIONS ABROAD** | § | |
| **LLC, ORANGEWEBSITE.COM,** | § | |
| **INTERNET.BS CORP.,** | § | |
| **WWW.ALGAECALFRAUD.COM** | § | |
| **AND WWW.BONEBLAST.COM** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendants.** | § | |

## COMPLAINT

**The Parties**

1.      Plaintiff AlgaeCal, Inc. (hereinafter "AlgaeCal" or "Plaintiff") is a Canadian corporation, with a principal place of business at PH1, 1226 Hamilton Street, Vancouver, British Columbia, Canada.

2.      Upon information and belief, Defendant James Finlayson ("Finlayson") is a Canadian individual with an address of 2646 Kitchener Street, Vancouver, British Columbia V5K 4X5, Canada.  The Supreme Court of British Columbia has issued an order against Finlayson, prohibiting him from undertaking certain activities, and requiring certain corrective actions. *See* **Exhibit A**.

3.      Upon information and belief, Defendant Nevistas SC ("Nevistas SC") is a company that has an office at Carretera Oriente No. 32-B Esq. Galeana, Ajijic, Jalisco, 45920, Mexico.

4.      Upon information and belief, Defendant Nevistas Health ("Nevistas Health") is an internet trading company that has or had an office at 2163 Lima Loop PMB 071-535, Laredo, Texas 78045-6420, and which recently posted an address of Internet Solutions Abroad LLC, 5348 Vegas Drive # 508, Las Vegas, Nevada 89108.  Nevistas Health is a division of Nevistas SC.

5.      Upon information and belief, Defendant Thomas Wahl ("Wahl") is a German individual with a mail address of 27-1300 King St. E., Suite 194, Oshawa, ON, L1H 8J4, Canada, and who is currently residing in Mexico.

6.      Upon information and belief, Defendant Internet Solutions Abroad LLC ("ISAL") is an unknown entity with a stated business address of 5348 Vegas Dr. #508, Las Vegas, Nevada 89108.

7.      Upon information and belief, Defendant OrangeWebsite.com ("Orange") is an Icelandic company with an address of Klapparstigur 7, 101 Reykjavik, Iceland.

8.      Upon information and belief, Defendant AlgaeCalFraud.com ("Fraud.com") is a website hosted by Orange, and whose (falsely stated and incorrect) administrative contact is AlgaeCal Fraud, Deano Fraud, 1305 W Homer St, BB11103 St. Michael, Barbados.

9.      Upon information and belief, Defendant Internet.bs Corp ("BS") is a Bahamian company with an address of 98 Hampshire Street, Nassau, N-4892, The Bahamas.

10.     Upon information and belief, Defendant AlgaeCalFraud.com ("Fraud.com") is a website whose Registrar is BS, whose (falsely stated and incorrect) administrative contact is AlgaeCal Fraud, Deano Fraud, 1305 W Homer St, BB11103 St. Michael, Barbados.

11.     Upon information and belief, Defendant BoneBlast.com ("BoneBlast") is a website hosted by CloudFlare and Rackspace (the latter of which is located in San Antonio, Texas), whose administrative contact is "Nevistas S.C., Av, Hidalgo No. 271-4, Col. Centro, Chapala, Jalisco 45900, Mexico."

12.     Finlayson, Nevistas SC, Nevistas Health, Wahl, ISAL, Orange, BS, Fraud.com and BoneBlast are collectively referred to herein as "Defendants," unless otherwise individually specified.

**Jurisdiction and Venue**

13.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338 because this action is for, *inter alia*, trademark infringement and unfair competition, and arises under the Trademark Laws of the United States, Title 15 of the United States Code.

14.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 in that a substantial part of the property that is the subject of the action is situated in this district (*e.g.*, the servers hosting some of the infringing sites at issue are located within this judicial district) and upon information and belief, one or more of the Defendants have done business in this judicial district.

## GENERAL AVERMENTS

**AlgaeCal's Background**

15.     AlgaeCal is in the business of manufacturing and selling natural food supplements.  One of the main products manufactured and sold by AlgaeCal is a natural calcium product called ALGAECAL.  *See* website excerpts attached as **Exhibit B**.

3

16.    The ALGAECAL trademark has been registered in the United States since October 17, 2006.  *See* U.S. Reg. No. 3160440, attached as **Exhibit C**.  AlgaeCal has developed good will and reputation with the public in association with the name ALGAECAL.

**Defendants and Their Infringing Activities**

A.    *Finlayson*

17.    Between August 2006 and July 17, 2012, Finlayson worked for AlgaeCal on a full time basis.

18.    Starting in or about 2008, Finlayson worked as a consultant, contractor or employee of Nevistas SC, Nevistas Health and/or Wahl.  Finlayson did not disclose this relationship to AlgaeCal until May 2013.

19.    Finlayson's work for AlgaeCal consisted mainly of doing information technology (IT) work for the company's online marketing and sales, including creating or updating the company's websites and optimizing the search engines for the websites.  The websites were used by AlgaeCal to sell natural food supplements to customers.

20.    Finlayson was also responsible for the security and integrity of the AlgaeCal computer system.  Finlayson would also fix any glitches or problems that occurred on the computers used by AlgaeCal.  Finlayson had access to numerous passwords and information regarding the accounts and systems of AlgaeCal.

21.    As a result of Finlayson's work for AlgaeCal, he had access to all information on the servers and computers used by AlgaeCal, both remotely using a password given to him and physically at the company's office.  Such information included the information defined as the Confidential Information below.

22.    It was an express or, alternatively, implied term of Finlayson's employment contract with AlgaeCal that upon termination of his work for AlgaeCal, Finlayson would return

to AlgaeCal all property and information belonging to and proprietary to the company, including all information necessary to access websites and internet accounts belonging to the company (collectively the "Access Information").

23.     After termination of his work for AlgaeCal, Finlayson agreed to return all of the Access Information to AlgaeCal in exchange for payment of his final invoice.  *See* court order pronounced on August 15, 2012 by the Honorable Justice Leask of the British Columbia Supreme Court, attached as **Exhibit D**.

24.     To date, Finlayson has failed and refused to return to AlgaeCal the Access Information, including but not limited to the following:

(a)     administrative username and passwords for AlgaeCal's old Google Analytics account (*i.e.*, the account set up prior to the account set up in July, 2012) and the password for the account paypal@algaecal.com; and

(b)     Wordpress locations of the login pages and administrative username and passwords for the following websites:

www.algaecalreviews.com

www.plantcal.com

www.plant-calcium.com

www.algaemin.com

25.     During the course of doing work for AlgaeCal, Finlayson had access to information having a confidential quality (the "Confidential Information"), and which was proprietary and confidential to the company. The Confidential Information included the company's internal communications, business plans and strategies, communications with its existing and potential customers and suppliers, names and contact information of its existing and

potential customers and suppliers (including but not limited to email addresses, telephone numbers and mailing addresses), details of shipments sent and received by the company, and non-public information regarding its products and proposed products, including product development plans and product test data and specifications.

26.     The names and contact information of AlgaeCal's existing and potential customers and suppliers (including but not limited to email addresses, telephone numbers and mailing addresses) were stored in a confidential database on AlgaeCal's server (the "Customer Contact Information").  The Customer Contact Information also forms part of the Confidential Information.

27.     The Confidential Information was communicated to, or made accessible to, Finlayson for the limited purpose of carrying out his work for AlgaeCal, and in circumstances in which an obligation of confidence arose.

28.     Finlayson received and had access to the Confidential Information knowing the limited purpose for which it was communicated or made accessible to him, and his obligation to keep the information confidential.

29.     Finlayson accessed, copied, misappropriated, disclosed, displayed and otherwise used or relied upon the Confidential Information without the prior consent of AlgaeCal and for purposes other than to carry out his work for AlgaeCal, including but not limited to the following:

      (a)     Upon information and belief, Finlayson, either directly or through his agents, accessed, copied and disclosed to the public Confidential Information regarding the name and characteristics of a new product called AlgaeCal CA that AlgaeCal was considering selling, but which was not yet on the market or known to the general public;

(b)     Upon information and belief, Finlayson, either directly or through his agents, accessed, copied and disclosed to the public Confidential Information regarding a shipment to AlgaeCal in July 2012, including the identity of the supplier and the brand-name of the product shipped by such supplier;

(c)     Upon information and belief, Finlayson, either directly or through his agents, accessed and copied Confidential Information regarding the identity and emails of companies with which AlgaeCal was attempting to do business, and used such information to email to such companies defamatory statements about AlgaeCal;

(d)     Upon information and belief, Finlayson, either directly or through his agents, accessed, copied and misappropriated the Customer Contact Information;

(e)     Upon information and belief, Finlayson, either directly or through his agents, disclosed the Customer Contact Information to Nevistas SC, Nevistas Health, ISAL, Wahl, www.boneblast.com and www.algaecalfraud.com and said recipients had knowledge that the Customer Contact Information was confidential, belonged to AlgaeCal and had been misappropriated by Finlayson from AlgaeCal.

30.     Upon information and belief, on or about July 17, 2012, Finlayson had posted and published, or caused to be posted and published, the following words on the seacoast.com website which is available to persons using the Internet:

(a)     "magnesium among other bone health minerals are inadequate or missing. The form of calcium is oxalate which can cause kidney stones. There were no independent studies on AlgaeCal."  *See* **Exhibit E**.

Upon information and belief, such words were meant and understood to mean that AlgaeCal does not contain any or any adequate magnesium, that the form of calcium in

the product is oxalate (which can cause kidney stones), and that there are no independent studies on the ALGAECAL product.  Such words were untrue and defamatory.

(b)     references in the postings to "Algaecal Lead."

AlgaeCal does not manufacture or sell a product called Algaecal Lead.    Upon information and belief, such words meant and were understood to mean that AlgaeCal's products contained unsafe levels of lead for human consumption, which is defamatory and untrue.   Unsafe lead content is a concern of many consumers of calcium supplements, including consumers who would be viewing a vitamin website such as seacoast.com.

31.    Upon information and belief, in an email dated August 8, 2012 sent to Connie Taft and Marty Scabarozi of Jasper Products and to Jin Jo of Heritage Foods, using the email address algaecal.alert@hotmail.com, Finlayson wrote and published, or caused to be written and published, the following words:

(a)     "...AlgaeCal CA is actually an industrial grade calcium carbonate powder."  *See* **Exhibit F**.

Upon information and belief, such words were meant and understood to mean that ALGAECAL CA, a product that AlgaeCal was considering selling, was industrial grade and not fit for human consumption.  Such words were untrue and defamatory.

(b)     "This is a blatant attempt to deceive and defraud your company into going to market with a fake AlgaeCal formula."

Upon information and belief, such words were meant and understood to mean that AlgaeCal attempted to deceive and defraud Jasper Products and Heritage Foods.  Such words were untrue and defamatory.

(c)     "any real AlgaeCal inventory that was even close to passing lead and arsenic levels has been sold."

Upon information and belief, such words were meant and understood to mean that products left in AlgaeCal's inventory had unsafe levels of lead and arsenic for human consumption.   Such words were untrue and defamatory.

(d)     "Now in a desperate display of greed they [AlgaeCal] all of a sudden come up with a new process of removing the exterior of the algae and come up with new AlgaeCa CA..."

Upon information and belief, such words were meant and understood to mean that AlgaeCal came up with a new process out of desperation and greed and without regard to the quality of the product.  Such words were untrue and defamatory.

### B.     *Nevistas SC, Nevistas Health and ISAL*

32.     Nevistas SC and/or Nevistas Health sells a calcium supplement named BONE BLAST.  *See* excerpts from website, attached as **Exhibit G**.  Upon information and belief, Nevistas SC, Nevistas Health and/or Wahl registered the domain name www.nevistashealth.com as a vehicle by which it could advertise and sell the BONE BLAST product.  The foregoing domain name was registered on September 3, 2012.  Wahl is listed as the administrative contact. *See* WhoIs information attached as **Exhibit H**.

33.     Upon information and belief, Nevistas SC and/or Nevistas Health does business under at least the names of Nevistas Health, ISAL and Bone Blast.

34.     Upon information and belief, ISAL is a company that is associated with Nevistas SC and/or Nevistas Health as either a parent, a sister company, a subsidiary, an affiliate or otherwise.  The website at www.nevistashealth.com refers to the name ISAL as the contact authority for Nevistas Health in the US and Nevistas SC as the contact authority for Mexico.

The website www.boneblast.com also refers to the name ISAL as the contact authority for Boneblast.com.  *See* **Exhibit I**.

35.     Upon information and belief, Finlayson and Wahl are the officers, directors, principals, agents or representatives of Nevistas SC, Nevistas Health and/or ISAL.

36.     On or about early January 2013, Nevistas SC, Nevistas Health, ISAL, Finlayson and Wahl launched the www.nevistashealth.com website and used it as a vehicle to sell the BONE BLAST product on-line.  *See* Exhibit E.

37.     On or about early January 2013, Nevistas SC, Nevistas Health, ISAL, Finlayson and Wahl launched the www.boneblast.com website and used it as a vehicle to sell the BONE BLAST product on-line.  A screen shot of the homepage of www.boneblast.com, taken on April 25, 2013, is provided as **Exhibit J**.

38.     On or about early January 2013, Nevistas SC, Nevistas Health, ISAL, Finlayson and Wahl and/or www.boneblast.com commenced sending out emails advertising and offering for sale the BONE BLAST product (the "BONE BLAST Emails").  One such email is provided in **Exhibit K**.

39.     In or about early January 2013, Nevistas SC, Nevistas Health, ISAL, Finlayson and Wahl and/or www.boneblast.com commenced selling and sold the BONE BLAST product.

40.     Upon information and belief, commencing on or about early January 2013, Finlayson, Nevistas SC, Nevistas Health, ISAL, Wahl and/or www.boneblast.com used the Customer Contact Information to send BONE BLAST Emails to AlgaeCal's customers.

41.     Upon information and belief, BONE BLAST Emails were sent by Defendants at least on the following dates in 2013:

(a)     January 3, 4, 6, 11, 12, 13, 14 and 16;

(b)     February 16, 26, and 28;

(c)      March 7, 9, 12, 14, 15, 20, 22, 24, 26, 27 and 28; and

(d)      April 3, 5 and 11.

42.      Upon information and belief, commencing on or about early January 2013, Finlayson, Nevistas SC, Nevistas Health, ISAL, Wahl and/or www.boneblast.com used the Customer Contact Information to sell the BONE BLAST product to AlgaeCal's customers.

**C.      *Continued Ongoing Acts.***

43.      Upon information and belief, on or about March 31, 2013, Finlayson, either directly or through his agents, disclosed Confidential Information regarding product specification and analytical data to some of AlgaeCal's customers and the Federal Drug Administration ("FDA").  *See* **Exhibit L**.

44.      Upon information and belief, on or about March 31, 2013, Finlayson and/or Wahl registered the domain name www.algaecalfraud.com.   *See* WhoIs information attached as composite **Exhibit M**.  On or about April 10, 2012, Nevistas SC, Nevistas Health and/or Wahl registered the domain name "algaecaldroz.com" after the AlgaeCal product appeared on the Dr. Oz television program.  See composite **Exhibit M**.  None of the foregoing defendants had any affiliation or involvement with AlgaeCal or its appearance on the Dr. Oz program, and yet they registered a domain name containing the AlgaeCal mark in order to prevent its registration by AlgaeCal, and to profit from the publicity received by AlgaeCal.  Upon information and belief, since early April 2013, Finlayson and/or Wahl and www.algaecalfraud.com have falsely and maliciously wrote and published, or caused to be written and published, on www.algaecalfraud.com, the following words:

(a)      "Evidence has been found showing that AlgaeCal was forging certificates of analysis to hide the heavy metal levels of their raw ingredient. The evidence

including the lab results and Lot # involved in this cover up will be posted as it is gathered."

(b)     "I don't have all of the details just yet but as far as I understand AlgaeCal could not find enough real AlgaeCal that was not contaminated with lead and arsenic to sell to these other companies so they decided to try blending the real AlgaeCal with coral calcium in an attempt to bring the lead and arsenic down to acceptable levels. Then when AlgaeCal found that there was no way to consistently blend the coral calcium with the AlgaeCal they decided to go all the way and deceive people by putting the AlgaeCal name on a standard coral calcium so that they could continue to benefit from the Dr Oz demand."

(c)     "One of my good friends used to work with AlgaeCal and during my friend's time working with them I saw first hand the deception and fraudulent activities behind the success of AlgaeCal.  These illegal and unethical actions sickened my friend and eventually lead to my friend leaving AlgaeCal because the greed and deceit became unbearable.  Not everyone will want to believe the stories on this site, and that is fine, all I want to do is deliver important information to the public, and lets let the public decide if AlgaeCal is a product that they would want to put in their bodies?"  *See* **Exhibit N**.

45.     Upon information and belief, defendant Orange hosts the www.algaecalfraud.com website.  Despite repeated requests to remove the defamatory words above, Orange has not cooperated in the request to remove the defamatory words.  *See* composite **Exhibit O**.

46.     Upon information and belief, on or after March 31, 2013, Finlayson and/or Wahl and www.algaecalfraud.com used the Customer Contact Information to send emails to customers

of AlgaeCal wherein the emails falsely and maliciously wrote and published, or caused to be written and published, the following words:

(a)     "Evidence has been found showing that AlgaeCal was forging certificates of analysis to hide the heavy metal levels of their raw ingredient. The evidence including the lab results and Lot # involved in this cover up will be posted as it is gathered."

(b)     "I don't have all of the details just yet but as far as I understand AlgaeCal could not find enough real AlgaeCal that was not contaminated with lead and arsenic to sell to these other companies so they decided to try blending the real AlgaeCal with coral calcium in an attempt to bring the lead and arsenic down to acceptable levels. Then when AlgaeCal found that there was no way to consistently blend the coral calcium with the AlgaeCal they decided to go all the way and deceive people by putting the AlgaeCal name on a standard coral calcium so that they could continue to benefit from the Dr Oz demand."

(c)     "One of my good friends used to work with AlgaeCal and during my friend's time working with them I saw first hand the deception and fraudulent activities behind the success of AlgaeCal.  These illegal and unethical actions sickened my friend and eventually lead to my friend leaving AlgaeCal because the greed and deceit became unbearable.  Not everyone will want to believe the stories on this site, and that is fine, all I want to do is deliver important information to the public, and lets let the public decide if AlgaeCal is a product that they would want to put in their bodies?"  *See* **Exhibit O**.

47.     Upon information and belief, on or about March 31, 2013, Finlayson sent an email from the email address paypal@algaecal.com to customers of AlgaeCal and the FDA.  In this email, Finlayson misrepresented that the email had been sent by the CEO of AlgaeCal (Dean Neuls) and Finlayson wrote and published, or caused to be written and published, the following words:

> (a)     "I must tell you about very recent developments with AlgaeCal: we just got tests in that indicate that the lead in the product is too high for sales into California (due to stringent Prop 65 rules)."  *See* **Exhibit P**.

Upon information and belief, the foregoing words were false and malicious, and were intended to harm AlgaeCal and create a false impression regarding AlgaeCal and the quality of its products.   Furthermore, the email chain containing the foregoing words comprised Confidential Information.

48.     On or about July 17, 2012, Finlayson posted or caused to be posted on the website www.seacoast.com certain false statements that products manufactured by companies other than AlgaeCal (the "Other Companies"), and which did not contain AlgaeCal or AlgaeCal CA, contained, or were otherwise related to, AlgaeCal or AlgaeCal CA.  *See* **Exhibit Q**.

49.     Upon information and belief, the statements posted on the seacoast.com website were materially false, and were likely to mislead the public as to the character, quality, composition, and mode of manufacture, production or performance of both AlgaeCal's products and the products of the Other Companies.

50.     Upon information and belief, Finlayson created and used the email address algaecal.alert@hotmail.com.   The creation and use of such email address was not licensed or authorized by AlgaeCal, and it directed public attention to Finlayson's wares, services, and

business in such a way as to cause confusion among relevant consumers with respect to Finlayson's products and services on the one hand, and the products and services of AlgaeCal on the other.

51.     Upon information and belief, in March 2013, Finlayson and/or Wahl hacked the servers of AlgaeCal and disrupted and destroyed data stored on the servers causing the website www.algaecal.com to crash.  *See* emails from Google and a customer of AlgaeCal, attached as **Exhibit R**.

52.     Upon information and belief, Finlayson provided Wahl with access to the AlgaeCal server and Finlayson and/or Wahl used the following directories, which Finlayson had placed on the AlgaeCal server prior to leaving AlgaeCal, to gain unlawful access to the AlgaeCal server:

    (a)     directory "494833" - owner/group is "twahl"; and

    (b)     directory "511925" - the owner/group is "frankiefin".

## COUNT I - TRADE SECRET MISAPPROPRIATION

53.     AlgaeCal hereby repeats the allegations of paragraphs 1-52 above as if fully set forth herein.

54.     AlgaeCal has developed certain trade secrets, including but not limited to the Confidential Information, Access Information, and Customer Contact Information, relative to its business and the AlgaeCal products.  Upon information and belief, these trade secrets are not generally known outside of AlgaeCal; they have been guarded by AlgaeCal to insure that they are not generally disclosed; and they would be difficult to be properly acquired or duplicated by third parties.

55.     The trade secrets are valuable and important to AlgaeCal in the conduct of its business.

56.     AlgaeCal enjoys the right, by reason of its ownership of the trade secrets, to use and enjoy the trade secrets.

57.     Upon information and belief, the trade secrets were communicated by Finlayson to Nevistas SC, Wahl and Nevistas Health, as well as to other listed Defendants.   Upon information and belief, Finlayson was aware, or should have been aware, of the proprietary and confidential nature of the trade secrets.

58.     The Defendants' unlawful use of the trade secrets without AlgaeCal's authorization constitutes a breach of confidence, and directly and proximately caused damage to AlgaeCal.

59.     The acts of Defendants complained of above constitute actual and attempted trade secret misappropriation under the common law of the state of Texas.

## COUNT II - UNFAIR BUSINESS PRACTICES AND MISAPPROPRIATION OF BUSINESS AND/OR TRADE VALUE

60.     AlgaeCal hereby repeats the allegations of paragraphs 1-59 above as if fully set forth herein.

61.     Upon information and belief, AlgaeCal's Confidential Information, Access Information, and Customer Contact Information, among other proprietary information and property of AlgaeCal, constitutes a tangible and/or intangible trade value.

62.     Upon information and belief, the Defendants have attempted to appropriate, and have appropriated, AlgaeCal's tangible and/or intangible trade values by the means set forth in the incorporated paragraphs above.

63.     Upon information and belief, Defendants' appropriation of AlgaeCal's tangible and/or intangible trade values by the means set forth in the incorporated paragraphs above has directly and proximately caused harm to the commercial relations of AlgaeCal.

64.     Alternatively, the actions of Defendants, as set forth in the paragraphs incorporated herein, constitute unfair business practices that have directly and proximately caused damages to AlgaeCal and harm to AlgaeCal**'s** commercial relations.

## COUNT III - UNFAIR COMPETITION (MISAPPROPRIATION)

65.     AlgaeCal repeats the allegations of paragraphs 1-64 above as if fully set forth herein.

66.     AlgaeCal has invested extensive time, labor, skill, money, and resources in the design, development, and/or creation of the AlgaeCal Products, as well as the Confidential Information, Access Information, and Customer Contact Information.

67.     Upon information and belief, Defendants have willfully copied information pertaining to the AlgaeCal Products, as well as the Confidential Information, Access Information, and Customer Contact Information.  Defendants' copying of the foregoing was in competition with AlgaeCal, and thereby enabled Defendants to gain a special advantage in that competition (*i.e.*, a "free ride") because Defendants were burdened with little or none of the expense incurred in designing, developing, and/or creating the competitive products.

68.     Defendants' copying of the foregoing has commercially damaged AlgaeCal.

69.     The acts of Defendants complained of above constitute unfair competition and misappropriation actionable under the Lanham Act and pursuant to the common law of the State of Texas, and have resulted in ongoing harm and damage to AlgaeCal.

## COUNT IV - CONVERSION

70.     AlgaeCal repeats the allegations of paragraphs 1-69 above as if fully set forth herein.

71.     Upon information and belief, Defendants wrongfully exercised dominion or control over, and/or wrongfully took, misappropriated or converted AlgaeCal's property (*i.e.*, information pertaining to the AlgaeCal Products, Confidential Information, Access Information, and Customer Contact Information) in denial of, or inconsistent with, AlgaeCal's rights in such property, to the detriment and damage of AlgaeCal.  Such actions have resulted in ongoing harm and damage to AlgaeCal.

## COUNT V – THEFT OF PROPERTY

72.     AlgaeCal repeats the allegations of paragraphs 1-71 above as if fully set forth herein.

73.     AlgaeCal had a possessory right to the property at interest (*e.g.*, information pertaining to the AlgaeCal Products, Confidential Information, Access Information, and Customer Contact Information).

74.     Upon information and belief, Defendants Finlayson, Wahl, Nevistas SC and Nevistas Health unlawfully appropriated the property by taking it without AlgaeCal's effective consent.

75.     Upon information and belief, Defendant Finlayson, Wahl, Nevistas SC and Nevistas Health appropriated the foregoing property with the intent to deprive AlgaeCal of the property and the benefits accruing to AlgaeCal through the use of such property.

76.     AlgaeCal has sustained damages as a result of Defendant Finlayson, Wahl Nevistas SC and Nevistas Health' appropriation of AlgaeCal's property.

## COUNT VI - BREACH OF DUTY OF CONFIDENTIALITY

77.     AlgaeCal repeats the allegations of paragraphs 1-76 above as if fully set forth herein.

78.     Upon information and belief, Finlayson owed and owes a duty of confidence to AlgaeCal in respect of the Confidential Information, the Access Information, and the Customer Contact Information, and was not entitled to access, disclose, or otherwise use such information without the prior consent of AlgaeCal, or for any purpose other than to carry out his work for AlgaeCal.

79.     Upon information and belief, it was an express and/or implied condition of Finlayson's employment with AlgaeCal that Finlayson would not access, disclose, or otherwise use the foregoing information without prior consent of AlgaeCal for any other purpose than to carry out his work for AlgaeCal.

80.     Upon information and belief, Finlayson disclosed information regarding AlgaeCal's products, as well as the Confidential Information, the Access Information, and the Customer Contact Information, to one or more of the named Defendants.

81.     Upon information and belief, the named Defendants knew or should have known of the confidential nature of the foregoing information, or were advised of the confidential nature of such information, but have not acted to delete or remove such information, or to cease and desist in the usage of such information.

82.     Defendants' actions and inactions complained of above constitute breach of the duty of confidence under the common law of the state of Texas, and have resulted in ongoing harm and damage to AlgaeCal.

## COUNT VII - TORTIOUS INTERFERENCE WITH
## BUSINESS/CONTRACTUAL RELATIONS

83.     AlgaeCal repeats the allegations of paragraphs 1 - 82 above as if fully set forth herein.

84.     Upon information and belief, Defendants Finlayson, Wahl, Nevistas SC and/or Nevistas Health have used and/or relied upon the confidential information of AlgaeCal described above and have contacted current and existing customers of AlgaeCal in order to sell competing products and/or to convince such customers to discontinue the purchase of AlgaeCal products.

85.     Upon information and belief, Finlayson was obligated, as an employee of AlgaeCal, to maintain information regarding the AlgaeCal products, as well as the Confidential Information, the Access Information and the Customer Contact Information, in confidence and secrecy.

86.     Upon information and belief, defendants Wahl, Nevistas SC and Nevistas Health knew or should have known of the confidential nature of the foregoing information.  Upon information and belief, the other named Defendants knew or should have known of the confidential nature of the foregoing information, and/or should have acted to delete or remove such information, or to cease and desist in the usage of such information.

87.     AlgaeCal has received communications from several of its customers, inquiring as to any relationship or affiliation between the products offered by, *inter alia*, Nevistas SC and Nevistas Health.

88.     Defendants' actions and inactions complained of above constitute tortious interference with business and/or contractual relations under the common law of the state of Texas, and have resulted in ongoing harm and damage to AlgaeCal.

## COUNT VIII - DEFAMATION

89.     AlgaeCal repeats the allegations of paragraphs 1 - 88 above as if fully set forth herein.

90.     Defendants published alleged statements of fact that referred to AlgaeCal.  The statements published by Defendants were defamatory and false.

91.     Upon information and belief, without regard to the truth of the statements, one or more of the Defendants knew the statements were false or acted recklessly with respect to the falsity of such statements.  Other Defendants, such as Orange and BS, were informed of the false and defamatory statements, and the use of confidential information, but failed to take action upon notice from AlgaeCal.

92.     Upon information and belief, Defendants acted with actual malice, negligently, and/or are liable without regard to fault.  AlgaeCal has suffered harm and injury as a result of the foregoing false and defamatory statements.

## COUNT IX - BUSINESS DISPARAGEMENT

93.     AlgaeCal repeats the allegations of paragraphs 1-92 above as if fully set forth herein.

94.     Defendants published disparaging words with respect to AlgaeCal and AlgaeCal's economic interests.  The statements published by Defendants were defamatory and false.

95.     Upon information and belief, without regard to the truth of the statements, the Defendants knew the statements were false, and acted with actual malice.  Upon information and belief, Defendants published the false and defamatory statements without privilege to do so. Other Defendants, such as Orange and BS, were informed of the false and defamatory

statements, and the use of confidential information, but failed to take action upon notice from AlgaeCal.

96.     AlgaeCal has suffered harm and injury as a result of Defendants' publication of false and defamatory statements regarding AlgaeCal and AlgaeCal's economic interests.

## COUNT X - FRAUD

97.     AlgaeCal repeats the allegations of paragraphs 1-96 above as if fully set forth herein.

98.     Defendant Finlayson made material, false representations to AlgaeCal regarding use of the Confidential Information, Access Information and Customer Contact Information, including but not limited to the agreed-upon Court orders issued from the courts in Canada.

99.     When Finlayson made the material and false representations, Finlayson knew the representations were false, or made the representations recklessly, as a positive assertion, and without knowledge of its truth.

100.     Finlayson made the material and false representations, Finlayson did so with the intent that AlgaeCal act upon them.   AlgaeCal did in fact rely on the material and false representations, which have caused ongoing harm and injury to AlgaeCal.

## COUNT XI - INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARK

101.     This cause of action arises under § 32 of the Trademark Act of 1946 as amended (15 U.S.C. § 1114) for infringement of federally registered trademark.

102.     AlgaeCal repeats and realleges each and every allegation contained in paragraphs 1 through 100 of this Complaint as if fully set forth herein.

103.     By reason of the foregoing acts, Defendants have infringed, and shall continue to infringe, AlgaeCal's federally registered trademark, causing irreparable injury, the full extent of

which cannot presently be determined.  Unless Defendants are enjoined by the Court, the irreparable injury to AlgaeCal shall continue.

## COUNT XII - CIVIL CONSPIRACY

104.    AlgaeCal hereby repeats the allegations of paragraphs 1-103 above as if fully set forth herein.

105.    Upon information and belief, Defendants Finlayson and Wahl, and one or more persons, including one or more of the named Defendants, conspired to utilize the confidential and protected trade secret information (including but not limited to information relating to the AlgaeCal products, Confidential Information, Access Information and Customer Contact Information) obtained by Defendants for their own financial gain.

106.    Upon information and belief, Defendants Finlayson and Wahl and one or more persons, including one or more of the named Defendants, agreed upon the object or course of action, *i.e.*, utilizing the confidential and protected trade secret information (including but not limited to information relating to the AlgaeCal products, Confidential Information, Access Information and Customer Contact Information) obtained by Defendants for their own financial gain.

107.    Upon information and belief, Defendants Finlayson and Wahl and one or more persons, including one or more of the named Defendants, committed one or more unlawful overt acts in furtherance of such conspiracy, by utilizing the confidential and protected trade secret information (including but not limited to information relating to the AlgaeCal products, Confidential Information, Access Information and Customer Contact Information) obtained by Defendants for their own financial gain, as set forth above.

108.    Upon information and belief, Defendants Finlayson and Wahl and one or more persons, including one or more of the named Defendants, have caused and continue to cause damages to AlgaeCal by virtue of the overt acts set forth above.

## COUNT XIII – BREACH OF CONTRACT

109.    AlgaeCal repeats and realleges each and every allegation contained in Paragraphs 1 through 108 of this Complaint as if fully set forth herein.

110.    AlgaeCal's cause of action for breach of contract arises under the laws of the state of Texas and/or federal law.

111.    AlgaeCal entered into a valid contract with Finlayson regarding providing IT services to AlgaeCal.  It was an express or, alternatively, implied term of the contract between Finlayson and AlgaeCal that Finlayson would provide reasonable notice of termination of his work for the company.  It was an express and/or implied term of the contract between Finlayson and AlgaeCal that Finlayson would not use company property or information for Finlayson's own financial gain.  It was an express and/or implied term of the contract between Finlayson and AlgaeCal that Finlayson would provide services exclusively to AlgaeCal.

112.    Defendant Finlayson has knowingly, recklessly or negligently breached the terms of the contract with AlgaeCal by Agreement by, *inter alia* (a) advising AlgaeCal on July 17, 2012, without proper notice, that Finlayson would no longer be doing work for the company, (b) using, distributing, publicly displaying and reproducing company property and information, and creating derivative works thereto, for Finlayson's own personal use and financial gain, and (c) providing services to Nevistas SC and Nevistas Health in breach of his duties of fidelity, honesty and integrity owed to AlgaeCal.

113.    Defendant Finlayson's actions were without authorization of AlgaeCal.  Such acts

have caused damages and harm to AlgaeCal, for which injunctive relief and monetary damages are requested.

## DAMAGES

114.    AlgaeCal repeats and realleges each and every allegation contained in Paragraphs 1 through 113 of this Complaint as if fully set forth herein.  AlgaeCal has suffered, is suffering, and will continue to suffer irreparable harm and injury as a result of Defendants' aforesaid activities.  Defendants will, unless restrained and enjoined, continue to act in the unlawful manner complained of herein, all to AlgaeCal's irreparable damage.  AlgaeCal's remedy at law is not adequate to compensate it for the injuries suffered and threatened.  By reason of Defendants' acts complained of herein, AlgaeCal has suffered monetary damages in an amount that has not yet been determined, but which is in excess of the jurisdictional limits of this Court.

## REQUEST FOR JURY TRIAL

115.    AlgaeCal hereby demands that this cause be tried by a jury.

## PRAYER

116.    WHEREFORE, AlgaeCal demands:

A.    That Defendants and its and their agents, officers, directors, employees, servants, representatives, customers, privies, successors and assigns, and all holding by, through or under Defendants, and all those acting for or on the behalf of Defendants, or in active concert, participation, or combination with Defendants, be enjoined and restrained, immediately and preliminarily (*i.e.*, a temporary restraining order, preliminary injunction, and/or permanent injunction as deemed appropriate by the Court), during the pendency of this action and permanently thereafter from:

(1)     Using, reproducing, publicly displaying, publicly performing, distributing AlgaeCal's information and materials relating to the AlgaeCal products, including but not limited to the Confidential Information, Access Information, and Customer Contact Information, or creating derivative works thereof;

(2)     Otherwise violating AlgaeCal's copyrights, trademarks, trade secrets or principles of unfair competition.

B.     That this Court order Defendants and its and their agents, officers, directors, employees, servants, representatives, customers, privies, successors and assigns, and all holding by, through or under Defendants, and all those acting for or on the behalf of Defendants, or in active concert, participation, or combination with Defendants, to deliver up to this Court, and to permit the seizure by Officers appointed by the Court of all articles and materials infringing upon the rights of AlgaeCal, all information and materials regarding Defendants, and particularly, without limitation, all products and materials which embody or include the infringing products and confidential materials, and to be delivered up for destruction on the issuance of a final Order in this action, including all infringing products and materials, and Defendants submit in writing, under oath, a description of all actions taken to comply with this portion of the Order.

C.     That offending websites associated with Finlayson, Wahl, Nevistas SC, and Nevistas Health, and/or their associates, agents, representatives, affiliates, or related persons or entities, be permanently disabled and access thereto prohibited.

D.     An accounting for and an award of the profits earned by Defendants as a result of its illegal acts.

E.     An award of the lost profits and other damages suffered by AlgaeCal as a result of Defendants' unlawful and unauthorized acts, including restitution for all property damage caused by Defendants.

F.     That Defendants be ordered to pay AlgaeCal's reasonable attorneys' fees, experts' fees, and costs.

G.     That Defendants be ordered to pay to AlgaeCal all applicable pre-judgment and post-judgment interest.

H.     That AlgaeCal be awarded such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/Dwayne K. Goetzel
Eric B. Meyertons
Texas State Bar No. 14004400
Dwayne K. Goetzel
Texas State Bar No. 08059500
Ryan T. Beard
Texas State Bar No. 24012264
MEYERTONS, HOOD, KIVLIN,
   KOWERT & GOETZEL, P.C.
1120 S. Capital of Texas Highway
Building 2, Suite 300
Austin, Texas 78746
(512) 853-8800 (telephone)
(512) 853-8801 (facsimile)

**ATTORNEYS FOR PLAINTIFF
ALGAECAL, INC.**